#1

AO 241
(Rev. 01/15)

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
Page 2

MAY 18 2017

JAMES W. McCORMACK, CLERK
By: _____ Roche
                              DEP CLERK

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| | | |
|---|---|---|
| United States District Court *Eastern* | District: *Arkansas* | |
| Name (under which you were convicted): *Michael Todd* | | Docket or Case No.: |
| Place of Confinement : *E.A.R.U. - P.O. Box 970 Marianna, Ark. - 72360* | | Prisoner No.: *#093500* |

Petitioner (include the name under which you were convicted)

*Michael Todd*    v.    Respondent (authorized person having custody of petitioner) *Wendy Kelley, Dir.*

The Attorney General of the State of: *Arkansas - Leslie Rutledge*

**PETITION**    *5:17-cv-145 DPM - JJV*

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

*Hempstead County Circuit Court in, Hope, Arkansas*

(b) Criminal docket or case number (if you know): *CR-09-33 & 34 & 35 & 36 & 37 & 38*

2.  (a) Date of the judgment of conviction (if you know): *4/14/09 & 2/24/14*

(b) Date of sentencing: *June 26th, 2014 & July 8th, 2014*

3.  Length of sentence: *120 yrs*

4.  In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case: *Breaking and entering, Probation Revocation, Habitual Offender, Theft of property - Multiple Counts - See "Suppliment - A." as attached here too!*

This case assigned to District Judge *Marshall*
and to Magistrate Judge *Volpe*

6.  (a) What was your plea? (Check one)

☐ (1) Not guilty          ☐ (3) Nolo contendere (no contest)

☑ (2) Guilty             ☐ (4) Insanity plea

#2

AO 241
(Rev. 01/15)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____ *N/A*

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    ❏ Jury     ☑ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☑ Yes     ❏ No

8. Did you appeal from the judgment of conviction?

    ☑ Yes     ❏ No

9. If you did appeal, answer the following:

(a) Name of court: *Arkansas Court of Appeals*

(b) Docket or case number (if you know): *CR-14-695 & CR-14-915*

(c) Result: *Remanded, eventual appeal dismissed!*

(d) Date of result (if you know): *9-23-15 & 6-3-15*

(e) Citation to the case (if you know): *2015 Ark. App. 502 & 2015 Ark. App. 356*

(f) Grounds raised: *Personderance of the evidence; and trial court erred by Running the terms of sentence consecutively!*

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ❏ Yes    ☑ No

If yes, answer the following:

(1) Name of court: *Arkansas Supreme Court* *N/A*

(2) Docket or case number (if you know): _____ *N/A*

(3) Result: *Denied*

(4) Date of result (if you know): *July 21st, 2016* *N/A*

AO 241
(Rev. 01/15)

(5) Citation to the case (if you know): *unknown*

(6) Grounds raised: *N/A*

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result: *N/A*

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☐ Yes    ☑ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: *N/A*

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised: *N/A*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: *N/A*

(8) Date of result (if you know):

#4.

AO 241
(Rev. 01/15)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: *Hempstead Co. - Circuit Ct.*

(2) Docket or case number (if you know): *CR-09-33 thru 38*

(3) Date of filing (if you know): *Sept. 15th 2016*

(4) Nature of the proceeding: *"Rule 37, Petition"*

(5) Grounds raised: *Double Jeopardy; Void and illegally imposed sentence; plus Ineffective assistance of Revocation trial counsel, who failed conduct adequate pretrial investigation into the facts of petitioner's guilt or sentencing phase of the proceedings as held on (Feb. 24th 2014)!*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: *Denied*

(8) Date of result (if you know): *Oct. 6th 2016*

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): *N/A*

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

*N/A*

_____

_____

_____

_____

#6.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _____

(8) Date of result (if you know): _____ *N/A*

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☐ No

(2) Second petition:   ☑ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

*notice of Appeal was timely filed Pro'se but petitioner could not perfect same!*

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** *Double Jeapardy!*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *Petitioner, entered into a negociated plea of guilty on the gravamen that all counts would be sentenced toward concurrent terms only to so later have a Revocation hearing court find guilty & then Revisit the original conviction and change the term of sentence from Concurrent to Consecutive After Commencement.*

(b) If you did not exhaust your state remedies on Ground One, explain why: *N/A*

*This ground was exhausted on direct appeal and again Raised in a initial Review Collateral Review stage petition Rule 37!*

AO 241
(Rev. 01/15)

Page 7

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____ *N/A* _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    *Rule 37, petition*

Name and location of the court where the motion or petition was filed:    *Hempstead County Circuit Court - Hope, Arkansas!*

Docket or case number (if you know):    *CR-09-33 thru 38*

Date of the court's decision:    *Oct. 6th 2016*

Result (attach a copy of the court's opinion or order, if available):    *Denied*

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    *Ark. Supra ct. Little Rock, Arkansas*

Docket or case number (if you know):    *unknown*

Date of the court's decision:    *" "*

Result (attach a copy of the court's opinion or order, if available):    *" " The Rule 37, appeal has been illegally thwarted!*

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

#7

AO 241
(Rev. 01/15)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _N/A_

**GROUND TWO:** _Void & Illegal Sentence !_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _Petitioner avers that once the original sentence was agreed to per a negotiated plea & the terms accepted by the court — which imposed sentences to run concurrent with such once commenced, the same cannot be so altered as a gravamen for the plea with out violating the "Ex post/Facto" Clause!_

(b) If you did not exhaust your state remedies on Ground Two, explain why: _N/A_

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _N/A_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Rule 37, petition_

Name and location of the court where the motion or petition was filed: _Hempstead County Arkansas — circuit court, in Hope, Ark._

Docket or case number (if you know): _CR-09-33 thru, 38_

Date of the court's decision: _Oct. 6th 2016_

#8

AO 241
(Rev. 01/15)

Page 9

Result (attach a copy of the court's opinion or order, if available): _Denied !_

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Ark. Supra ct_
_in Little Rock, Arkansas_

Docket or case number (if you know): _Unknown_

Date of the court's decision: _"        "_

Result (attach a copy of the court's opinion or order, if available): _The Rule 37 appeal_
_has been "illegally thwarted"!_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Two :

**GROUND THREE:** _Actual & constructive Ineffective_
_Assistance of counsel had for Trial!_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _Petitioner's,_
_trial counsel did practice "mere sham & pre-_
_tence" at the Revocation hearing that was so_
_the trial such was accomplished thru a lack of_
_preparation, failure to object and Raise issues_
_before the court to gain any Ruling or Render-_
_ing that could have constituted the Record_
_developed for appeal & thus been used by appellate coun-_
_sel !_

#9.

AO 241
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground Three, explain why: *No, claim of ineffective assistance of Counsel can be raised on direct appeal, but only thru a timely filed motion for new trial that was not had by petitioner!*

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: *claim cannot be Raised on appeal of first Right absent a timely filed motion for new trial per (IAC)*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Rule 37, Petition*

Name and location of the court where the motion or petition was filed: *Hempstead county Circuit court - in Hope, Arkansas*

Docket or case number (if you know): *CR-09-33 thru 38*

Date of the court's decision: *Oct. 6th 2016*

Result (attach a copy of the court's opinion or order, if available): *Denied, See attached!*

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Ark. Supra ct. - in Little Rock, Arkansas*

Docket or case number (if you know): *unknown*

Date of the court's decision: *"    "*

Result (attach a copy of the court's opinion or order, if available): *The Rule 37 appeal was illegally thwarted!*

#10.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____ N/A _____

_____

**GROUND FOUR:** Ineffective Assistance had From The Appellate counsel on Direct Appeal &

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

From The Rule 37, Post Conviction Appeal Counsel! Petitioner, states that any Representation had from appellate counsel was not constitutionally adequate to assist petitioner at that critical stage in safe-gaurd of 6th & 14th amended Right & the Rule 37, petition can be found manifestly ineffective!

(b) If you did not exhaust your state remedies on Ground Four, explain why: No Claim of the ineffective assistance of counsel can be Raised on direct appeal, but only thru a timely filed motion for new trial or thru Rule 37, procedure exhaustion & the Both were illegal thwarted in this case!

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Claim cannot be Raised on appeal of first Right absent a timely filed motion For new Trial per (IAC).

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 37, Petition!

#11.

AO 241
(Rev. 01/15)

Page 12

Name and location of the court where the motion or petition was filed: *Hempstead County circuit court — in Hope, Arkansas*

Docket or case number (if you know): *CR-09-33 thru 38*

Date of the court's decision: *Oct. 6th 2016*

Result (attach a copy of the court's opinion or order, if available): *Denied, See attached!*

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Ark. Supra ct. — Little Rock, Arkansas*

Docket or case number (if you know): *unknown*

Date of the court's decision: *"          "*

Result (attach a copy of the court's opinion or order, if available): *The Rule 37 appeal was illegally thwarted!*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:    *N/A*

#12

AO 241
(Rev. 01/15)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☐ Yes    ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: *Grounds, #3. & #4. these Claims and grounds have so been illegally thwarted by state agent, or state actor !*

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: *NO*

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. *N/A*

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. *N/A*

#13.

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
judgment you are challenging:

(a) At preliminary hearing:    _Unavailable !_

(b) At arraignment and plea:    _//_          _//_

(c) At trial:    _See, Judment & Committment !_

(d) At sentencing:    _//_          _//_

(e) On appeal:    _Unavailable !_

(f) In any post-conviction proceeding:    _Unavailable !_

(g) On appeal from any ruling against you in a post-conviction proceeding:    _Pro'se_

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
challenging?        ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:    _N/A_

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
future?        ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* _This
federal habeas petition is so timely
had & filed within the one year
statute of limitations as contained
in 28 U.S.C. § 2244 (d)._

#14

AO 241
(Rev. 01/15)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

#15.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *To, issue the Writ or to modify the sentence imposed or, to alternatively so hold a Rule 8, evidentiary Hearing!*

or any other relief to which petitioner may be entitled.

_____
*Pro'se*
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on *May 15th, 2017* (date).

_____
*Michael Todd*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

*N/A*

# 16

*(Supplement - "A-1" p. 1.)*

**AR DOC**
**REPORT NO. IPTR310 - 41**
**ARKANSAS DEPARTMENT OF CORRECTION**
**PEN PACK**
**PAGE:** 6 of 17
**PROCESSED:** 06/10/2014 11:01 AM
**REQUESTOR:** Wanda (Gail) G Ramsey

| INDENTIFICATION | COMMITMENT NAME (LAST, FIRST, MI) | INSTITUTION ASSIGNED | DATE RECEIVED | INMATE NO. |
|---|---|---|---|---|
| | Todd, Michael | Varner Unit | 05/09/2000 | 093500G |

victim's credit cards. On March 23, 2004, the police investigator found that Todd had also used the victim's credit card at the Walmart Super Center to purchase a $500.00 shopping card. The Walmart surveillance tape revealed Todd using the victim's credit card to purchase twelve cartons of cigarettes, valued at $473.59, at 1:33 a.m. on March 22, 2004. On March 23, 2004, Todd was interviewed at the Nashville Police Department. Todd stated that he did enter the vehicles and took the items as listed. He also stated that he tried to use the victim's credit card at the ATM, but could not get any money because he did not have a pin. He purchased a cell phone and stereo with the $500 shopping card. He also stated that he gave away the rings, mountain bike and stereo. He sold the cigarettes for $100.00 and the Ruger 357 handgun for $50.00 cash and $50.00 of dope.

Michael Todd appeared before the Howard County Circuit Court on May 4, 2004, and entered a guilty plea to the charges Breaking or Entering (5 counts), Theft of Property (6 counts), and Possession of Firearms By Certain Persons. Todd was sentenced to six years in Arkansas Department of Correction.

## ARREST AND CONVICTION

| COMM | DEFENSE ATTORNEY | STATE ATTY | JUDGE | ARRESTING COUNTY | COUNTY OF CONVICTION |
|---|---|---|---|---|---|
| AF | Biddle | Parker | Wright, William Randall | | Hempstead |

| CNT NO. | DOCKET NUMBER | SENTENCE DATE | OFFENSE DATE | PLEA | STATUTE | FEL CLS | SENTENCE YYY/MM/DD | CC | JAIL CR DA | BOND DAYS |
|---|---|---|---|---|---|---|---|---|---|---|
| 001 | 2007-209 | 04/14/2009 | 05/09/2007 | Guilty Plea | Breaking And Entering Probation Revocation Habitual Offender | D | 000/60/00 | CC | 95 | 0 |
| 002 | 2009-33 | 04/14/2009 | 12/01/2008 | Guilty Plea | Breaking And Entering Habitual Offender | D | 000/96/00 | CC | 95 | 0 |
| 003 | 2009-34 | 04/14/2009 | 12/17/2008 | Guilty Plea | Breaking And Entering Habitual Offender | D | 000/96/00 | CC | 95 | 0 |
| 004 | 2009-35 | 04/14/2009 | 01/03/2009 | Guilty Plea | Breaking And Entering Habitual Offender | D | 000/96/00 | CC | 95 | 0 |
| 005 | 2009-36 | 04/14/2009 | 01/04/2009 | Guilty Plea | Breaking And Entering Habitual Offender | D | 000/96/00 | CC | 95 | 0 |
| 006 | 2009-37 | 04/14/2009 | 12/17/2008 | Guilty Plea | Breaking And Entering Habitual Offender | D | 000/96/00 | CC | 95 | 0 |
| 007 | 2009-38 | 04/14/2009 | 01/04/2009 | Guilty Plea | Breaking And Entering Habitual Offender | D | 000/96/00 | CC | 95 | 0 |
| 008 | 2009-74 | 04/14/2009 | 12/23/2008 | Guilty Plea | Fraud Use Of Credit Card Habitual Offender | C | 000/96/00 | CC | 95 | 0 |
| 09 | 2009-74 | 04/14/2009 | 12/23/2008 | Guilty Plea | Theft By Receiving Habitual Offender | C | 000/96/00 | CC | 95 | 0 |

Add. 80

SPC.2 A-14

#17.

(Supp. A.) 2.

| AR DOC | ARKANSAS DEPARTMENT OF CORRECTION | | PAGE: 7 of 17 |
|---|---|---|---|
| REPORT NO. IPTR310 - 41 | PEN PACK | | PROCESSED: 06/10/2014 11:01 AM |

REQUESTOR: Wanda (Gail) G Ramsey

| INDENTIFICATION | COMMITMENT NAME (LAST, FIRST, MI) | INSTITUTION ASSIGNED | DATE RECEIVED | INMATE NO. |
|---|---|---|---|---|
| | Todd, Michael | Varner Unit | 05/09/2000 | 093500G |

**ARREST AND CONVICTION**

| COMM | DEFENSE ATTORNEY | STATE ATTY | JUDGE | ARRESTING COUNTY | COUNTY OF CONVICTION |
|---|---|---|---|---|---|
| AF | Biddle | Parker | Culpepper, Duncan | | Hempstead |

| CNT NO. | DOCKET NUMBER | SENTENCE DATE | OFFENSE DATE | PLEA | STATUTE | FEL CLS | SENTENCE YYY/MM/DD | CC | JAIL CR DA | BOND DAYS |
|---|---|---|---|---|---|---|---|---|---|---|
| 010 | 2009-75 | 04/14/2009 | 12/01/2008 | Guilty Plea | Breaking And Entering Habitual Offender | D | 000/96/00 | CC | 95 | 0 |
| 011 | 2009-75 | 04/14/2009 | 12/01/2008 | Guilty Plea | Theft Of Property Habitual Offender | C | 000/96/00 | CC | 95 | 0 |

Add.81

Soc.2 Amt



#18.

VS.

*Michael Todd*



CONDITIONS OF SUSPENDED SENTENCE

ORDER

BOOK *CRA-10* PAGE *44*

NOW ON THIS **14th** day of **April**, 20 **09**, the defendant having been convicted in the above styled action for the offense(s) of **Breaking or Entering / TOP / Fraud Use of Credit Card** sentenced to **15 years** in the Arkansas Department of Corrections with **7 years** suspended, commencing the defendant's release from physical custody; and;

Pursuant to the authority granted this Court;

IT IS THEREFORE, BY THE COURT, CONSIDERED, ORDERED, AND ADJUDGED that the defendant is subject to the following conditions:

1. That the defendant must submit a written monthly report to the Probation Officer on the date so specified. Reports both written and verbal must be truthful in all respects. The defendant must report in person to the Probation Office as instructed and permit the Probation Officer to visit the defendant's home, place of employment or elsewhere. The defendant must cooperate with the Probation Officer at all times;

2. That the defendant must remain steadily and gainfully employed and must support himself / herself and his or her dependants without the aid of public assistance so long as physically and medically capable, and maintain a standard of personal appearance that will not impede the obtaining of and / or maintaining of employment;

3. That the defendant must report at all times their place of residence, which cannot be changed without the approval of the Probation Officer. Written permission must be obtained from the Probation Office before leaving the State of Arkansas;

4. That the defendant shall obey all Federal and State Laws, local ordinances and Court orders. All arrests must be reported immediately to the Probation Officer;

5. That the defendant cannot own, purchase, possess, use, sell or have under their control any deadly weapon, or firearm, or imitation thereof, or be in the company of any person possessing same;

6. That the defendant shall abstain completely from the use of alcoholic beverages. The defendant shall not enter places where intoxicating beverages are offered for sale;

7. That the defendant shall not possess, use, sell, distribute, or have under their control, any controlled substance except as prescribed by one with legal authority to prescribe;

8. That the defendant shall not associate or correspond with persons who have a criminal record or who are engaged in criminal activities;

9. That the defendant shall submit to and pay the expense of any rehabilitative, medical, or psychiatric program the 8th North Judicial Circuit Court deems necessary;

10. That the defendant shall submit to and pay the expense of random drug testing at the discretion of the Probation Officer;

11. That the defendant must pay a monthly Probation supervision fee of $25.00;

12. That the defendant must pay a Fine(s) of $_____, Court cost(s) of $_____, Restitution(s), if any, in the amount of $_____ and $_____ to the Public Defender Fund. The defendant must pay $_____ per month on the above Fine(s), Court cost(s), Restitution(s) and / or Public Defender Fund;

13. That the defendant shall make a good faith effort toward completion of a high school diploma or G.E.D. certificate by enrolling in and attending a program of instruction at a State approved education center, if required;

14. _____

15. _____

16. _____

17. _____

18. _____

19. As a condition of this Order the Court may impose a period of confinement in a county jail, city jail or other authorized detentional, correctional or rehabilitative facility, not to exceed **365** days;

20. And, it is further Ordered that the Court retains jurisdiction during said period of Suspended Sentence, to change the Conditions of Suspended Sentence, and to set aside, vacate or revoke such Suspended Sentence for good cause, pursuant to Arkansas Code Annotated 5-4-306(b).

I HAVE RECEIVED, READ AND UNDERSTAND THE ABOVE CONDITIONS.

_____
DEFENDANT / DATE    *4·14·09*

_____
CIRCUIT JUDGE

_____
PROBATION OFFICER / DATE    *4-14-09*

Add. 11

SoC1

#19.

(Supp. - A.) # 4.

## STATEMENT OF CASE

On February 4, 2009, in CR-2009-33-2, the Appellant was charged with Breaking and Entering, a class D felony, and Theft of Property, a class A misdemeanor. (T.1, Add.1).   On February 4, 2009, in CR-2009-34-2, the Appellant was charged with three (3) counts of Breaking and Entering, class D felonies. (T.40, Add.4).   On February 4, 2009, in CR-2009-35-2, the Appellant was charged with  Breaking and Entering, a class D felony, and Theft of Property, a class A misdemeanor.(T.80, Add. 7). On February 4, 2009, in CR-2009-36-1, the Appellant was charged with Breaking and Entering, a class D felony. (T.119, Add.10).   On February 4, 2009, in CR-2009-37-2, the Appellant was charged with Breaking and Entering, a class D felony, and Theft of Property, a class A misdemeanor.  (T.157, Add.13).   On February 4, 2009, in CR-2009-38-2, the Appellant was charged with two (2) counts of Breaking and Entering, class D felonies.(T. 196, Add.16).   On April 10, 2009, Appellant entered a negotiated plea to all the charges in the above six cases. (T.5,46,85,124,162,201 Add.19).   In exchange for that plea, Appellant was sentenced to fifteen (15) in the

SoC-1



WESTLAW #20.

**Todd v. State**

Court of Appeals of Arkansas, DIVISION IV.    September 23, 2015    Not Reported in S.W.3d    2015 Ark. App. 502    2015 WL 5602951    *(Approx. 2 pages)*

2015 Ark. App. 502

NOTICE: THIS DECISION WILL NOT APPEAR IN THE SOUTHWESTERN REPORTER. SEE REVISED SUPREME COURT RULE 5-2 FOR THE PRECEDENTIAL VALUE OF OPINIONS.

Court of Appeals of Arkansas,
DIVISION IV.

Michael Todd, Appellant

v.

State of Arkansas, Appellee.

No. CR–14–695
Opinion Delivered September 23, 2015

APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT [NOS. CR–2009–33, CR –2009–34, CR–2009–35, CR–2009–36, CR–2009–37, CR–2009–38, CR–2013–78], HONORABLE DUNCAN CULPEPPER, JUDGE

## Attorneys and Law Firms

Anthony S. Biddle, for appellant.

Leslie Rutledge, Att'y Gen., by: Ashley Argo Priest, Ass't Att'y Gen., for appellee.

## Opinion

M. MICHAEL KINARD, Judge

*1 Appellant Michael Todd brings this appeal from the revocation of his suspended imposition of sentence (SIS) in six cases and from his convictions in a seventh case. We remand for the record to be corrected.

In April 2009, appellant entered a negotiated plea to nine counts of breaking or entering in six different cases. He was sentenced to eight years' imprisonment and seven years' SIS on each count. In February 2014, the State filed a petition to revoke appellant's SIS in all six 2009 cases. At a revocation hearing on February 24, 2014, the State presented evidence that appellant had been convicted of another crime in 2013. The court revoked appellant's SIS on all nine breaking-or-entering convictions and sentenced him to sixty-four months' imprisonment on each count.

*2 In case CR–2013–78, appellant was charged with breaking or entering, second-degree forgery, theft of property, and commercial burglary. After a jury trial on February 26, 2014, he was convicted of all four counts and sentenced to seventy-five years' imprisonment, to run consecutive to his sentences received upon revocation.

On March 21, 2014, appellant filed a timely notice of appeal from his convictions in case CR –2013–78. On the same date, he also timely filed a separate notice of appeal from the orders revoking his SIS in CR–2009–33, CR–2009–34, CR–2009–35, CR–2009–36, CR2009–37, and CR–2009–38. The record appellant filed with the clerk of this court contains the proceedings of both his revocation hearing and his separate jury trial, and in his brief, appellant raises arguments stemming from both proceedings. However, the two matters were tried separately below, and the appeals from the two proceedings have not been consolidated by this court. We remand for two separate records to be compiled by the circuit clerk. The records shall be filed within thirty days of the date of this opinion. Appellant's counsel shall file two separate briefs within thirty days thereafter.

Remanded for correction of the record.

Gruber and Hixson, JJ., agree.

**All Citations**

Not Reported in S.W.3d, 2015 Ark. App. 502, 2015 WL 5602951

---

**End of Document**                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2017 Thomson Reuters



*#21.*

*(Evidentiary Exhibit #1)*

Not Reported in S.W.3d, 2015 Ark. App. 356, 2015 WL 3507419 (Ark.App.)

*See page #2 in particular!*

NOTICE: THIS DECISION WILL NOT APPEAR IN THE SOUTHWESTERN REPORTER. SEE REVISED SUPREME COURT RULE 5-2 FOR THE PRECEDENTIAL VALUE OF OPINIONS.

Court of Appeals of Arkansas,
DIVISION I.
Michael Todd, Appellant
v.
State of Arkansas, Appellee

No. CR–14–915
Opinion Delivered June 3, 2015

APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT [NOS. CR-2009-74 and CR-2009-75] HONORABLE DUNCAN McRAE CULPEPPER, JUDGE
Anthony S. Biddle, for appellant.

Leslie Rutledge, Att'y Gen., by: Valerie Glover Fortner, Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Chief Judge
  **\*1** Appellant Michael Todd appeals the revocation of his suspended imposition of sentences (SIS) by the Hempstead County Circuit Court. He does not challenge the preponderance of the evidence supporting his revocation; rather, he argues that the circuit court erred when it opted to run his sentences consecutively, rather than concurrently. Appellant also contends that the circuit court erroneously sentenced him without evidence of when his suspension began, basically not knowing how much of his SIS remained on which to sentence him. Additionally, appellant argues for the first time on appeal that his original sentences were facially illegal pursuant to Arkansas Code Annotated section 5–4–301(a)(2)(A) (Supp.2009). Because this court lacks jurisdiction to hear the appeal, pursuant to Arkansas Rule of Appellate Procedure–Criminal (2)(a) (2014), we dismiss.

  On March 6, 2009, in CR–2009-74, appellant was charged with nine counts of fraudulent use of a credit card or debit card, Class C felonies, and one count of theft by receiving (credit card or account number or firearm worth less than $2,500), a Class C felony. On March 6, 2009, in CR–2009–75, appellant was charged with breaking or entering, a Class D felony, theft of property $500 or less, a Class A misdemeanor, fraudulent use of a credit card or debit card, a Class A misdemeanor, and theft of property less than $2,500 and greater than $500, a Class C felony. On April 14, 2009, appellant entered a negotiated guilty plea to all of the charges in the above two cases.

  On May 28, 2009, appellant pled no contest in case numbers CR–2009-74 and CR2009-75, to ten counts of fraudulent use of a credit card, two counts of theft of property, and one count each of theft by receiving and breaking or entering. Running the sentences concurrently, the circuit court sentenced appellant to an aggregate term of eight years' imprisonment in the Arkansas Department of Correction (ADC), to be followed by seven years' SIS. Conditions of his suspension included that he not commit any offense punishable by imprisonment. On April 14, 2009, appellant signed the conditions-of-suspended-sentence order in each of the two cases.

  On June 4, 2014, in CR–2009-74 & CR–2009-75, the State filed a petition to revoke the suspended sentences, alleging that appellant was convicted of forgery, a Class C felony, in Howard County, Arkansas, and that he had violated a condition of the suspended sentence in that he had committed a crime against the State of Arkansas.

  A hearing was held on June 9, 2014, and the circuit court found that the allegations in the petition to revoke suspended sentence were true. Appellant objected to sentencing without proof of his release from the ADC, and the circuit court took the matter under advisement until June 16, 2014. On June 11, 2014, the State filed a motion to re-open record for supplemental proof. On June 16, 2014, the circuit court granted the State's motion to reopen record for supplemental proof. The State entered a certified copy of the PEN pack, and the circuit court found that appellant had five years remaining on his suspended sentence.

  **\*2** After the revocation hearing, the circuit court found that appellant had violated the terms of his SIS

and revoked his suspensions. Based upon that finding, appellant was sentenced, in CR–2009–74, to ten sixty-month sentences to run consecutive to each other and consecutive with the Howard County case and the other Hempstead County cases. In CR–2009–75, the circuit court sentenced appellant to two sixty-month sentences to run consecutive to each other and consecutive with CR–2009–74 and consecutive with the Howard County case and the other Hempstead County cases for a total, in both cases, of sixty years in the ADC. Sentencing orders were filed on June 26, 2014, and amended sentencing orders were filed on July 8, 2014.

Appellant filed a notice of appeal on July 22, 2014, which would have been timely filed as to both the original and amended sentencing orders, but it does not specifically refer to either. In the heading of the notice of appeal, appellant does list both case numbers, CR–2009–74 and CR–2009–75, but in the body, he states only:

The defendant, Michael Todd, hereby gives notice to all interested parties that he intends to appeal the conviction of the jury. The defendant requests that all documents in his court file and the entire transcript be designated as the record in this matter.

Arkansas Rule of Appellate Procedure–Criminal 2(a) (2014) provides in part:

the person desiring to appeal the judgment or order or both shall file with the clerk of the circuit court a notice of appeal identifying the parties taking the appeal and the judgment or order or both being appealed. The notice shall also state whether the appeal is to the Court of Appeals or to the Supreme Court.

We hold that appellant's notice of appeal is flagrantly deficient with respect to these requirements. We decline to say the order appealed from is easily identifiable because the notice does not specify the orders. Also, the notice of appeal states that he was appealing a "conviction of the jury," when this was a revocation before the circuit court. Finally, the notice of appeal does not state to which appellate court he is appealing.

Our supreme court has held that whether an appellant has filed an effective notice of appeal is always an issue before the appellate court. *Smith f. State,* 2009 Ark. 85. The filing of a notice of appeal is jurisdictional. *Id.* Absent an effective notice of appeal, this court lacks jurisdiction to consider the appeal and must dismiss it. *Id.*

On the civil side, in *Brown v. United Bank,* 2014 Ark.App. 643, 448 S.W.3d 726, we held that a notice of appeal that fails to designate the judgment or order appealed from as required under the rules of appellate procedure is deficient, but such a defect is not necessarily fatal to the notice where it is clear which order the appellant is appealing and the notice was filed timely as to that order. Ark. R.App. P.-Civ. 3(e). *But see Smith v. Freeman,* 2014 Ark.App. 569, at 2, where this court held:

Normally, where an appellant attempts to designate the order and simply misidentifies the order by date, our courts will find substantial compliance. The present situation, however, does not involve accidental inaccuracy. Appellant made no attempt to designate the order appealed. He merely requested "the case cited above be appealed." Such an omission forecloses the possibility of substantial compliance with Rule 3 (e). These deficiencies in appellant's notices of appeal prevent us from establishing whether appellant's appeal is timely and, accordingly, whether we have jurisdiction.

In *Duncan v. Duncan,* 2009 Ark. 565, the supreme court held that, when it was clear which order the appellant was appealing from given the issues raised in the notice of appeal, an inaccurate date listed for the order appealed from in the notice of appeal was merely a scrivener's error. The only criminal cases citing *Duncan* are *Edwards v. State,* 2014 Ark. 185, and *Hayes v. State,* 2011 Ark.App. 79, 381 S.W.3d 117, but the facts are not identical. And in *Callaway v. Abshure,* 2013 Ark.App. 21, at 2, our court distinguished *Duncan* and noted that

**\*3** [o]ur courts require substantial compliance with [Ark. R.App. P.-Civ. 3(e) ]. Consequently, where an appellant attempts to designate the order appealed from and simply misidentifies the order by date, our courts will find substantial compliance despite the inaccuracy or "scrivener's error." The present situation, however, does not involve an inaccuracy or a scrivener's error. Unlike the appellants in the cited cases, Callaway did not ascribe an incorrect date to the order appealed from or make a similar mistake. Rather, he made no attempt at all to "designate" the order appealed from, as required by Rule 3(e). He merely stated that he objected to "the order" entered in the case. Because such an omission forecloses the possibility of

substantial compliance with Rule 3(e), Callaway's notice of appeal is ineffective, and we must dismiss the appeal.

In a recent opinion, we stated, "Pursuant to Rule 3, a notice of appeal must designate the judgment or order appealed from, and an order not mentioned in the notice of appeal is not properly before an appellate court." *Johnson v. De Kros,* 2014 Ark.App. 254, at 11, 435 S.W.3d 19, 26.

   Accordingly, despite appellant's notice of appeal being timely filed, the language of the notice of appeal does not fairly and accurately inform us of (1) the order(s) being appealed from as required by Rule 2(a), (2) the appellate court to which he is appealing, or (3) whether the order(s) resulted from a bench hearing rather than a jury trial. Appellant's notice of appeal fails to substantially, or otherwise, comply with Rule 2(a). Accordingly, we dismiss the appeal.

   Appeal dismissed.

Virden and Hixson, JJ., agree.


Ark.App., 2015
Todd v. State
Not Reported in S.W.3d, 2015 Ark. App. 356, 2015 WL 3507419 (Ark.App.)

END OF DOCUMENT

(c) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Todd v. State | Westlaw

WESTLAW #24.

Page 1 of 4

Todd v. State
Court of Appeals of Arkansas, DIVISION I.    July 22, 2015    2015 Ark. App. 356    465 S.W.3d 435    (Approx. 4 pages)

2015 Ark. App. 356
Court of Appeals of Arkansas,
DIVISION I.

## Michael Todd, Appellant

v.

## State of Arkansas, Appellee

No. CR–14–915
Opinion Delivered June 3, 2015
Rehearing Denied July 22, 2015

### Synopsis

**Background:** State filed petition to revoke defendant's suspended imposition of sentences (SIS). The Circuit Court, Hempstead County, Duncan McRae Culpepper, J., revoked defendant's SIS and imposed consecutive sentences totaling 60 years in the Department of Corrections. Defendant appealed.

**Holding:** The Court of Appeals, Robert J. Gladwin, C.J., held that defendant's notice of appeal was ineffective to confer appellate jurisdiction on the Court of Appeals.

Appeal dismissed.

### West Headnotes (2)

Change View

1    **Criminal Law** 👈    Form and requisites
Defendant's notice of appeal, filed after revocation of his suspended imposition of sentences (SIS) and the imposition of consecutive sentences totaling 60 years in the Department of Corrections, was ineffective to confer appellate jurisdiction on the Court of Appeals, even though notice was timely as to both the trial court's original and amended sentencing orders, where notice failed to identify the order or orders appealed from, **stating** instead that defendant intended to appeal "the conviction of the jury," and did not **state** to which appellate court defendant was appealing. Ark. R. App. P. Crim. 2(a).

1 Case that cites this headnote

2    **Criminal Law** 👈    Notice of Appeal
The filing of a notice of appeal is jurisdictional; absent an effective notice of appeal, Court of Appeals lacks jurisdiction to consider the appeal and must dismiss it. Ark. R. App. P. Crim. 2(a).

1 Case that cites this headnote

APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT [NOS. CR–2009–74 and CR–2009–75], HONORABLE DUNCAN McRAE CULPEPPER, JUDGE.

### Attorneys and Law Firms

Anthony S. Biddle, Texarkana, for appellant.

Leslie Rutledge, Att'y Gen., by: Valerie Glover Fortner, Ass't Att'y Gen., for appellee.

### Opinion

ROBERT J. GLADWIN, Chief Judge

*1 Appellant **Michael Todd** appeals the revocation of his suspended imposition of sentences (SIS) by the Hempstead County Circuit Court. He does not challenge the preponderance of the evidence supporting his revocation; rather, he argues that the circuit court erred when it opted to run his sentences consecutively rather than concurrently. Appellant also contends that the circuit court erroneously sentenced him without evidence of when his suspension began, basically not knowing how much of his SIS remained on which to sentence him. Additionally, appellant argues for the first time on appeal that his original sentences were facially illegal pursuant to Arkansas Code Annotated section 5–4 –301(a)(2)(A) (Supp. 2009). Because this court lacks jurisdiction to hear the appeal, pursuant to Arkansas Rule of Appellate Procedure–Criminal (2)(a) (2014), we dismiss.

On March 6, 2009, in CR–2009–74, appellant was charged with nine counts of fraudulent use of a credit card or debit card, Class C felonies, and one count of theft by *2 receiving (credit card or account number or firearm worth less than $2,500), a Class C felony. On March 6, 2009, in **436 CR–2009–75, appellant was charged with breaking or entering, a Class D felony, theft of property $500 or less, a Class A misdemeanor, fraudulent use of a credit card or debit card, a Class A misdemeanor, and theft of property less than $2,500 and greater than $500, a Class C felony. On April 14, 2009, appellant entered a negotiated guilty plea to all of the charges in the above two cases.

On May 28, 2009, appellant pled no contest in case numbers CR–2009–74 and CR–2009 –75, to ten counts of fraudulent use of a credit card, two counts of theft of property, and one count each of theft by receiving and breaking or entering. Running the sentences concurrently, the circuit court sentenced appellant to an aggregate term of eight years' imprisonment in the Arkansas Department of Correction (ADC), to be followed by seven years' SIS. Conditions of his suspension included that he not commit any offense punishable by imprisonment. On April 14, 2009, appellant signed the conditions-of-suspended-sentence order in each of the two cases.

On June 4, 2014, in CR–2009–74 & CR–2009–75, the **State** filed a petition to revoke the suspended sentences, alleging that appellant was convicted of forgery, a Class C felony, in Howard County, Arkansas, and that he had violated a condition of the suspended sentence in that he had committed a crime against the **State** of Arkansas.

A hearing was held on June 9, 2014, and the circuit court found that the allegations in the petition to revoke suspended sentence were true. Appellant objected to sentencing without proof of his release from the ADC, and the circuit court took the matter under advisement until June 16, 2014. On June 11, 2014, the **State** filed a motion to re-open record *3 for supplemental proof. On June 16, 2014, the circuit court granted the **State's** motion to reopen record for supplemental proof. The **State** entered a certified copy of the PEN pack, and the circuit court found that appellant had five years remaining on his suspended sentence.

After the revocation hearing, the circuit court found that appellant had violated the terms of his SIS and revoked his suspensions. Based upon that finding, appellant was sentenced, in CR–2009–74, to ten sixty-month sentences to run consecutive to each other and consecutive with the Howard County case and the other Hempstead County cases. In CR –2009–75, the circuit court sentenced appellant to two sixty-month sentences to run consecutive to each other and consecutive with CR–2009–74 and consecutive with the Howard County case and the other Hempstead County cases for a total, in both cases, of sixty years in the ADC. Sentencing orders were filed on June 26, 2014, and amended sentencing orders were filed on July 8, 2014.

Appellant filed a notice of appeal on July 22, 2014, which would have been timely filed as to both the original and amended sentencing orders, but it does not specifically refer to either. In the heading of the notice of appeal, appellant does list both case numbers, CR–2009–74 and CR–2009–75, but in the body, he **states** only:

> The defendant, **Michael Todd**, hereby gives notice to all interested parties that he intends to appeal the conviction of the jury. The defendant requests that all documents in his court file and the entire transcript be designated as the record in this matter.

#25

Arkansas Rule of Appellate Procedure–Criminal 2(a) (2014) provides in part:

> the person desiring to appeal the judgment or order or both shall file with the
> clerk of the circuit court a notice of appeal identifying the parties taking the
> appeal and the *4 judgment or order or **437 both being appealed. The
> notice shall also **state** whether the appeal is to the Court of Appeals or to
> the Supreme Court.

1   We hold that appellant's notice of appeal is flagrantly deficient with respect to these
requirements. We decline to say the order appealed from is easily identifiable because the
notice does not specify the orders. Also, the notice of appeal **states** that he was appealing
a "conviction of the jury," when this was a revocation before the circuit court. Finally, the
notice of appeal does not **state** to which appellate court he is appealing.

2   Our supreme court has held that whether an appellant has filed an effective notice of
appeal is always an issue before the appellate court. *Smith v. State*, 2009 Ark. 85, 2009
WL 416464. The filing of a notice of appeal is jurisdictional. *Id.* Absent an effective notice of
appeal, this court lacks jurisdiction to consider the appeal and must dismiss it. *Id.*

On the civil side, in *Brown v. United Bank*, 2014 Ark. App. 643, 448 S.W.3d 726, we held
that a notice of appeal that fails to designate the judgment or order appealed from as
required under the rules of appellate procedure is deficient, but such a defect is not
necessarily fatal to the notice where it is clear which order the appellant is appealing and
the notice was filed timely as to that order. Ark. R.App. P.-Civ. 3(e). *But see Smith v.
Freeman*, 2014 Ark. App. 569, at 2, 2014 WL 5384993, where this court held:

> Normally, where an appellant attempts to designate the order and simply misidentifies the
> order by date, our courts will find substantial compliance. The present situation, however,
> does not involve accidental inaccuracy. Appellant made no attempt to designate the order
> appealed. He merely requested "the case cited above be appealed." Such an omission
> forecloses the possibility of substantial compliance with Rule 3(e). These deficiencies in
> appellant's notices of appeal prevent us from establishing whether appellant's appeal is
> timely and, accordingly, whether we have jurisdiction.

*5 In *Duncan v. Duncan*, 2009 Ark. 565, 2009 WL 3786850, the supreme court held that,
when it was clear which order the appellant was appealing from given the issues raised in
the notice of appeal, an inaccurate date listed for the order appealed from in the notice of
appeal was merely a scrivener's error. The only criminal cases citing *Duncan* are *Edwards
v. State*, 2014 Ark. 185, 2014 WL 1673751, and *Hayes v. State*, 2011 Ark. App. 79, 381
S.W.3d 117, but the facts are not identical. And in *Callaway v. Abshure*, 2013 Ark. App. 21,
at 2, 2013 WL 168012, our court distinguished *Duncan* and noted that

> [o]ur courts require substantial compliance with [Ark. R.App. P.-Civ. 3(e) ].
> Consequently, where an appellant attempts to designate the order appealed
> from and simply misidentifies the order by date, our courts will find
> substantial compliance despite the inaccuracy or "scrivener's error." The
> present situation, however, does not involve an inaccuracy or a scrivener's
> error. Unlike the appellants in the cited cases, Callaway did not ascribe an
> incorrect date to the order appealed from or make a similar mistake. Rather,
> he made no attempt at all to "designate" the order appealed from, as
> required by Rule 3(e). He merely **stated** that he objected to "the order"
> entered in the case. Because such an omission forecloses the possibility of
> substantial compliance with Rule 3(e), Callaway's notice of appeal is
> ineffective, and we must dismiss the appeal.

**438 In a recent opinion, we **stated**, "Pursuant to Rule 3, a notice of appeal must
designate the judgment or order appealed from, and an order not mentioned in the notice of
appeal is not properly before an appellate court." *Johnson v. De Kros*, 2014 Ark. App. 254,
at 11, 435 S.W.3d 19, 26.

Accordingly, despite appellant's notice of appeal being timely filed, the language of the
notice of appeal does not fairly and accurately inform us of (1) the order(s) being appealed
from as required by Rule 2(a), (2) the appellate court to which he is appealing, or (3)
whether the order(s) resulted from a bench hearing rather than a jury trial. Appellant's

notice *6 of appeal fails to substantially, or otherwise, comply with Rule 2(a). Accordingly, we dismiss the appeal.

Appeal dismissed.

Virden and Hixson, JJ., agree.

## All Citations

2015 Ark. App. 356, 465 S.W.3d 435

---

**End of Document**          © 2016 Thomson Reuters. No claim to original U.S. Government Works


THOMSON REUTERS

WESTLAW  #26.  *(Evidentiary Exhibit - 3.)*

**Todd v. State**
Court of Appeals of Arkansas, DIVISION IV.   April 13, 2016   --- S.W.3d ----   2016 Ark. App. 204   2016 WL 1467866   *(Approx. 5 pages)*

2016 Ark. App. 204
Court of Appeals of Arkansas,
DIVISION IV.

Michael Todd, Appellant,
v.
State of Arkansas, Appellee.

No. CR–15–916
Opinion Delivered April 13, 2016
Rehearing Denied May 18, 2016

## Synopsis

**Background:** The State filed a petition to revoke defendant's suspended imposition of sentence (SIS) in two cases. The County Circuit Court, Hempstead County, Duncan Culpepper, J., revoked defendant's SIS and imposed sentence. Defendant appealed.

**Holding:** The Court Of Appeals, Rita W. Gruber, J., held that trial court had authority to sentence to habitual offender defendant to concurrent terms of eight years' imprisonment on each felony count, followed by seven years of SIS.

Affirmed.

## West Headnotes (4)

Change View

1   **Sentencing and Punishment**  🔑   Effect of Statute or Regulatory Provision
A sentence within the limits set by statute is a legal sentence, and a void or illegal sentence is one exceeding the statutory parameters for the convicted defendant's offense.

2   **Sentencing and Punishment**  🔑   Habitual offenders and career criminals
Trial court had authority to sentence to habitual offender defendant to concurrent terms of eight years' imprisonment on each felony count, followed by seven years of suspended imposition of sentence (SIS), since trial court was authorized to sentence defendant as habitual offender to range of ten to twenty years' imprisonment, and therefore non-suspended portion of sentence was not below the mandatory minimum. Ark. Code Ann. § 5-4-301(a)(2)(A).

1 Case that cites this headnote

3   **Statutes**  🔑   Prior or existing law in general
**Statutes**  🔑   Legislative Construction
The legislature is presumed to be familiar with the appellate courts' interpretation of its statutes, and it can amend a statute if it disagrees with those interpretations; absent such an amendment, the interpretation of the statute remains the law.

4   **Sentencing and Punishment**  🔑   Sufficiency
Evidence was sufficient to establish the date defendant's suspension began for the purpose of determining the remaining time on suspension, in action to revoke defendant's suspended imposition of sentence (SIS); the State produced a "pen pack" that showed defendant was released from Department of Correction on June 25, 2012, albeit under supervision.

APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT [NOS. CR–2009–74 and CR–2009–75], HONORABLE DUNCAN CULPEPPER, JUDGE

## Attorneys and Law Firms

Anthony S. Biddie, for appellant.

Leslie Rutledge, Att'y Gen., by: Pamela Rumpz, Ass't Att'y Gen., for appellee.

## Opinion

RITA W. GRUBER, Judge

*1 Michael Todd appeals the sentences that the Circuit Court of Hempstead County imposed on him after it revoked his suspended imposition of sentence (SIS) in two criminal cases. He contends, as he did at the revocation hearing, that it was error for the circuit court (1) to run the sentences consecutively rather than concurrently and (2) to sentence him without evidence of the date on which the SIS began in the underlying cases. He also argues on appeal that his original sentences were facially illegal pursuant to Ark.Code Ann. § 5–4–301(a)(2)(A) (Supp. 2009). See State v. Webb, 373 Ark. 65, 69, 281 S.W.3d 273, 276 (2008) (noting that a void or illegal sentence is an issue of subject-matter jurisdiction, which cannot be waived by the parties and may be addressed for the first time on appeal). We affirm.

In case number CR–2009–74, Todd was charged as a habitual offender with ten Class C felonies—nine counts of fraudulent use of a credit card or debit card, and one count of theft by receiving. In case number CR–2009–75, he was charged as a habitual offender with Class *2 D felony breaking or entering and Class C felony theft of property, and was also charged with two Class A misdemeanors—theft of property and fraudulent use of a credit card or debit card. He pleaded no contest to all charges and on May 28, 2009, was sentenced on each felony to concurrent terms of eight years' imprisonment in the Arkansas Department of Correction (ADC) to be followed by seven years' SIS. Conditions of the SIS required that Todd obey all federal and state laws.

On June 4, 2014, the State filed its petition to revoke his SIS in both cases, alleging that Todd had violated conditions by committing the crime of forgery in Howard County—for which he had been convicted—and the crimes of commercial burglary, breaking or entering, and theft of property in Hempstead County. At a June 9, 2014 revocation hearing, the circuit court found the allegations in the revocation petition to be true. Todd objected to sentencing without proof of his release from the ADC. The circuit court took the matter under advisement. On June 11, 2014, the State filed a motion to reopen the record for supplemental proof. In a previous opinion, we recounted the proceedings that took place when the revocation hearing resumed:

> On June 16, 2014, the circuit court granted the State's motion to reopen record for supplemental proof. The State entered a certified copy of the PEN pack, and the circuit court found that appellant had five years remaining on his suspended sentence.
>
> Based upon that finding, appellant was sentenced, in CR–2009–74, to ten sixty-month sentences to run consecutive to each other and consecutive with the Howard County case and the other Hempstead County cases. In CR–2009–75, the circuit court sentenced appellant to two sixty-month sentences to run consecutive to each other and consecutive with CR–2009–74 and consecutive with the Howard County case and the other Hempstead County cases for a total, in both cases, of sixty years in the ADC. Sentencing orders were filed on June 26, 2014, and amended sentencing orders were filed on July 8, 2014.

*3 Todd v. State, 2015 Ark.App. 356, at 2–3, 465 S.W.3d 435, 436.[1]

Todd now argues in his first point that at the time of his revocation sentencing, the circuit court lacked jurisdiction "to change, modify, alter, or amend the judgment from concurrent to consecutive." See Burks v. State, 2009 Ark. 598, at 4 n. 2, 359 S.W.3d 402, 406 (noting that a circuit court may not modify a valid sentence once execution of the sentence has

#27.

begun); *Lambert v. State,* 286 Ark. 408, 409, 692 S.W.2d 238, 239 (1985) (stating the general rule that if the original sentence is illegal, even though partially executed, the sentencing court may correct it). He also argues that his original sentencing of seven years' SIS was illegal on its face under Ark.Code Ann. § 5–4–301(a)(2)(A), which prohibits suspending imposition of sentence if the defendant has previously been convicted of two or more felonies.

1   Because sentencing is entirely a matter of statute in Arkansas, no sentence is to be imposed other than as statutorily prescribed. Ark.Code Ann. § 5–4–104 (Supp. 2009); *e.g., Esry v. State,* 2014 Ark. 539, at 4, 453 S.W.3d 144, 146 (per curiam). A sentence within the limits set by statute is a legal sentence, and a void or illegal sentence is one exceeding the statutory parameters for the convicted defendant's offense. *Id.*

2   Todd argues that in May 2009 the trial court did not have authority to sentence him to a suspended sentence because, as a habitual offender, he was not entitled to a suspended *4 sentence under Ark.Code Ann. § 5–4–301(a)(2)(A). He concludes, therefore, that the original sentence imposed in May 2009 was illegal. We disagree.

A previous case, *Chadwell v. State,* 80 Ark.App. 133, 91 S.W.3d 530 (2002), presented a similar argument that the original sentence was illegal because, based on the defendant's habitual-offender status, the circuit court lacked authority to suspend a portion of it. The appellant in that case cited language of Ark.Code Ann. § 5–4–104(e)(4) (1987), which later was repealed but used language identical to that now found in Ark.Code Ann. § 5–4–301(a)(2)(A), which governs the present case. Both statutes provide that a circuit court shall not suspend imposition of sentence if it is determined, pursuant to other statutory provisions, that the defendant has previously been convicted of two or more felonies. The *Chadwell* court found that the circuit court, being authorized to sentence the appellant as a habitual offender to a range of ten to twenty years and having imposed a sentence of ten years' imprisonment, did not lack authority to impose an additional ten-year suspended sentence. *Chadwell,* 80 Ark.App. 133, 136, 91 S.W.3d 530, 532. We interpreted the statute to prohibit suspension of a term of imprisonment, but we found that—as long as only a portion was suspended beyond the statutory minimum term—the trial court was free to suspend an additional term in the habitual range. *See Chadwell,* 80 Ark.App. at 136–37, 91 S.W.3d 530, 532; *cf. State v. O'Quinn,* 2013 Ark. 219, 427 S.W.3d 668 (finding a suspension below the habitual minimum term of imprisonment to be illegal).

3   "The legislature is presumed to be familiar with the appellate courts' interpretation of its statutes, and it can amend a statute if it disagrees with those interpretations; absent such an *5 amendment, the interpretation of the statute remains the law." *Pedraza v. State,* 2015 Ark. App. 205, at 5, 465 S.W.3d 426. Because the General Assembly has not rejected *Chadwell v. State, supra,* our interpretation of former section 5–4–104(e)(4) refutes Todd's argument that section 5–4–301(a)(2)(A) prohibits the suspension of any portion of a habitual sentence.

4   Todd next contends that the State failed to present evidence of the date his suspension began for the purpose of determining the remaining time of suspension. On June 16, 2014, when the revocation hearing reconvened, the State presented its supplemental evidence of Todd's release date from the ADC. The State introduced a "pen pack" showing that Todd was released on June 28, 2012, from the ADC to the supervision of the Texarkana P & P—which governs probation and parole; the State contended that after June 28, 2012, he had just over five years left on each suspended sentence. Todd argues that because the Texarkana unit is part of the ADC, the evidence was insufficient to show that he was "set at liberty," and that his suspensions thus began to run on June 28, 2012. We find that the State sufficiently proved, through documentation, the date that Todd was "set at liberty"—albeit under supervision.

Todd was charged and sentenced as a habitual offender for seven Class C felonies and one Class D felony, with respective maximum sentences of thirty and fifteen years. *See* Ark.Code Ann. § 5–4–501(b)(2) (setting forth extended terms of imprisonment for defendants meeting the criteria of section 5–4–501(b)(1)). The circuit court, which had authority in the original sentencing to impose up to eleven consecutive thirty-year terms of imprisonment and one fifteen-year term of imprisonment, imposed only an aggregate term of eight years' *6 imprisonment to be followed by seven years' SIS.

Pursuant to the plain language of Ark.Code Ann. § 5–4–301(d)(2) and Ark.Code Ann. § 5–4
–309(f)(1)(A), the circuit court was authorized at revocation to modify the original order and
impose any sentence that originally could have been given. Todd was originally placed on
suspension on multiple counts, served concurrently by statute. The circuit court revoked the
suspended sentences on all remaining counts, ordering sentences after revocation within
the parameters authorized by statute for each of the felony convictions. *See* Ark.Code Ann.
§ 5–4–401. Furthermore, the trial court was permitted, based on Ark.Code Ann. § 5–4–403
(a), to order that multiple sentences of imprisonment for multiple offenses be run
consecutively, including those where suspension had been revoked. *See also Cheater v.
State,* 2010 Ark. App. 652, at 3, 2010 WL 3902649 (rejecting Cheater's argument that the
circuit court sentenced him to illegal consecutive sentences upon revocation because it had
originally ordered concurrent sentences).

For the foregoing reasons, we affirm.

Abramson and Vaught, JJ., agree.

**All Citations**

--- S.W.3d ----, 2016 Ark. App. 204, 2016 WL 1467866

### Footnotes

1       We dismissed Todd's first appeal on finding that his notice of appeal was
flagrantly deficient and ineffective and that we lacked jurisdiction because of
the ineffective notice of appeal. *Id.* at 6, 465 S.W.3d 435, 436–38. The
present appeal follows our supreme court's granting Todd's motion for belated
appeal. *Todd v. State,* 2015 Ark. 452, at 2, 2015 WL 7777279 (per curiam).

**End of Document**       © 2016 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2016 Thomson Reuters



#28"



# ARKANSAS COURT OF APPEALS

### DIVISION IV
No. CR-15-916

| | | |
|---|---|---|
| MICHAEL TODD | APPELLANT | **Opinion Delivered** April 13, 2016 |
| V. | | APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT [NOS. CR-2009-74 and CR-2009-75] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE DUNCAN CULPEPPER, JUDGE |
| | | AFFIRMED |

## RITA W. GRUBER, Judge

Michael Todd appeals the sentences that the Circuit Court of Hempstead County imposed on him after it revoked his suspended imposition of sentence (SIS) in two criminal cases. He contends, as he did at the revocation hearing, that it was error for the circuit court (1) to run the sentences consecutively rather than concurrently and (2) to sentence him without evidence of the date on which the SIS began in the underlying cases. He also argues on appeal that his original sentences were facially illegal pursuant to Ark. Code Ann. § 5-4-301(a)(2)(A) (Supp. 2009). *See State v. Webb*, 373 Ark. 65, 69, 281 S.W.3d 273, 276 (2008) (noting that a void or illegal sentence is an issue of subject-matter jurisdiction, which cannot be waived by the parties and may be addressed for the first time on appeal). We affirm.

In case number CR-2009-74, Todd was charged as a habitual offender with ten Class C felonies—nine counts of fraudulent use of a credit card or debit card, and one count of theft by receiving. In case number CR-2009-75, he was charged as a habitual offender with Class

D felony breaking or entering and Class C felony theft of property, and was also charged with two Class A misdemeanors—theft of property and fraudulent use of a credit card or debit card. He pleaded no contest to all charges and on May 28, 2009, was sentenced on each felony to concurrent terms of eight years' imprisonment in the Arkansas Department of Correction (ADC) to be followed by seven years' SIS. Conditions of the SIS required that Todd obey all federal and state laws.

On June 4, 2014, the State filed its petition to revoke his SIS in both cases, alleging that Todd had violated conditions by committing the crime of forgery in Howard County—for which he had been convicted—and the crimes of commercial burglary, breaking or entering, and theft of property in Hempstead County. At a June 9, 2014 revocation hearing, the circuit court found the allegations in the revocation petition to be true. Todd objected to sentencing without proof of his release from the ADC. The circuit court took the matter under advisement. On June 11, 2014, the State filed a motion to reopen the record for supplemental proof. In a previous opinion, we recounted the proceedings that took place when the revocation hearing resumed:

> On June 16, 2014, the circuit court granted the State's motion to reopen record for supplemental proof. The State entered a certified copy of the PEN pack, and the circuit court found that appellant had five years remaining on his suspended sentence. Based upon that finding, appellant was sentenced, in CR-2009-74, to ten sixty-month sentences to run consecutive to each other and consecutive with the Howard County case and the other Hempstead County cases. In CR-2009-75, the circuit court sentenced appellant to two sixty-month sentences to run consecutive to each other and consecutive with CR-2009-74 and consecutive with the Howard County case and the other Hempstead County cases for a total, in both cases, of sixty years in the ADC. Sentencing orders were filed on June 26, 2014, and amended sentencing orders were filed on July 8, 2014.

Violation
Const Amend #21 → 14th Amendment  Due Process

2

Filed By/in the Name of the Deputy Prosecutor, Phillip Harris.

*Todd v. State*, 2015 Ark. App. 356, at 2–3, 465 S.W.3d 435, 436.[1]

Todd now argues in his first point that at the time of his revocation sentencing, the circuit court lacked jurisdiction "to change, modify, alter, or amend the judgment from concurrent to consecutive." *See Burks v. State*, 2009 Ark. 598 at 4 n.2, 359 S.W.3d 402, 406 (noting that a circuit court may not modify a valid sentence once execution of the sentence has begun); *Lambert v. State*, 286 Ark. 408, 409, 692 S.W.2d 238, 239 (1985) (stating the general rule that if the original sentence is illegal, even though partially executed, the sentencing court may correct it). He also argues that his original sentencing of seven years' SIS was illegal on its face under Ark. Code Ann. § 5-4-301(a)(2)(A), which prohibits suspending imposition of sentence if the defendant has previously been convicted of two or more felonies.

Because sentencing is entirely a matter of statute in Arkansas, no sentence is to be imposed other than as statutorily prescribed. Ark. Code Ann. § 5-4-104 (Supp. 2009); *e.g.*, *Esry v. State*, 2014 Ark. 539, at 4, 453 S.W.3d 144, 146 (per curiam). A sentence within the limits set by statute is a legal sentence, and a void or illegal sentence is one exceeding the statutory parameters for the convicted defendant's offense. *Id.*

Todd argues that in May 2009 the trial court did not have authority to sentence him to a suspended sentence because, as a habitual offender, he was not entitled to a suspended

---

[1] We dismissed Todd's first appeal on finding that his notice of appeal was flagrantly deficient and ineffective and that we lacked jurisdiction because of the ineffective notice of appeal. *Id.* at 6, 465 S.W.3d 435, 436–38. The present appeal follows our supreme court's granting Todd's motion for belated appeal. *Todd v. State*, 2015 Ark. 452, at 2 (per curiam).

#31

sentence under Ark. Code Ann. § 5-4-301(a)(2)(A). He concludes, therefore, that the original sentence imposed in May 2009 was illegal. We disagree.

A previous case, *Chadwell v. State*, 80 Ark. App. 133, 91 S.W.3d 530 (2002), presented a similar argument that the original sentence was illegal because, based on the defendant's habitual-offender status, the circuit court lacked authority to suspend a portion of it. The appellant in that case cited language of Ark. Code Ann. § 5-4-104(e)(4) (1987), which later was repealed but used language identical to that now found in Ark. Code Ann. § 5-4-301(a)(2)(A), which governs the present case. Both statutes provide that a circuit court shall not suspend imposition of sentence if it is determined, pursuant to other statutory provisions, that the defendant has previously been convicted of two or more felonies. The *Chadwell* court found that the circuit court, being authorized to sentence the appellant as a habitual offender to a range of ten to twenty years and having imposed a sentence of ten years' imprisonment, did not lack authority to impose an additional ten-year suspended sentence. *Chadwell*, 80 Ark. App. 133, 136, 91 S.W.3d 530, 532. We interpreted the statute to prohibit suspension of a term of imprisonment, but we found that—as long as only a portion was suspended beyond the statutory minimum term—the trial court was free to suspend an additional term in the habitual range. *See Chadwell*, 80 Ark. App., at 136–37, 91 S.W.3d 530, 532; *cf. State v. O'Quinn*, 2013 Ark. 219, 427 S.W.3d 668 (finding a suspension below the habitual minimum term of imprisonment to be illegal).

"The legislature is presumed to be familiar with the appellate courts' interpretation of its statutes, and it can amend a statute if it disagrees with those interpretations; absent such an

4

#32

amendment, the interpretation of the statute remains the law." *Pedraza v. State*, 2015 Ark. App. 205, at 5. Because the General Assembly has not rejected *Chadwell v. State, supra*, our interpretation of former section 5-4-104(e)(4) refutes Todd's argument that section 5-4-301(a)(2)(A) prohibits the suspension of any portion of a habitual sentence.

Todd next contends that the State failed to present evidence of the date his suspension began for the purpose of determining the remaining time of suspension. On June 16, 2014, when the revocation hearing reconvened, the State presented its supplemental evidence of Todd's release date from the ADC. The State introduced a "pen pack" showing that Todd was released on June 28, 2012, from the ADC to the supervision of the Texarkana P & P—which governs probation and parole; the State contended that after June 28, 2012, he had just over five years left on each suspended sentence. Todd argues that because the Texarkana unit is part of the ADC, the evidence was insufficient to show that he was "set at liberty" and that his suspensions thus began to run on June 28, 2012. We find that the State sufficiently proved, through documentation, the date that Todd was "set at liberty"—albeit under supervision.

Todd was charged and sentenced as a habitual offender for eleven Class C felonies and one Class D felony, with respective maximum sentences of thirty years and fifteen years. *See* Ark. Code Ann. § 5-4-501(b)(2) (setting forth extended terms of imprisonment for defendants meeting the criteria of section 5-4-501(b)(1)). The circuit court, which had authority in the original sentencing to impose up to eleven consecutive thirty-year terms of imprisonment and one fifteen-year term of imprisonment, imposed only an aggregate term of eight years'

5

#33

imprisonment to be followed by seven years' SIS.

Pursuant to the plain language of Ark. Code Ann. § 5-4-301(d)(2) and Ark. Code Ann. § 5-4-309(f)(1)(A), the circuit court was authorized at revocation to modify the original order and impose any sentence that originally could have been given. Todd was originally placed on suspension on multiple counts, served concurrently by statute. The circuit court revoked the suspended sentences on all remaining counts, ordering sentences after revocation within the parameters authorized by statute for each of the felony convictions. *See* Ark. Code Ann. § 5-4-401. Furthermore, the trial court was permitted, based on Ark. Code Ann. § 5-4-403(a), to order that multiple sentences of imprisonment for multiple offenses be run consecutively, including those where suspension had been revoked. *See also Cheater v. State*, 2010 Ark. App. 652, at 3 (rejecting Cheater's argument that the circuit court sentenced him to illegal consecutive sentences upon revocation because it had originally ordered concurrent sentences).

For the foregoing reasons, we affirm.

ABRAMSON and VAUGHT, JJ., agree.

*[handwritten annotations]*

But, not any (7yrs) SIS — as such was so illegal at time and even so, after the Repeal date of such statute mentioned here in

Concurrent

Ark Attorny General

"ARKANSAS" COURT of APPEAL > Changed the WORDING OF A.C.A § 5-4-403(a),
Violated → 5-4-307
Violated → 5-4-306
Violated → (14th amendment DUE Process)

June 18th, 2014 = 60 years ADC
WHY WAS THE REASON For THIS Revocation?
I WAS Already Revocated in Feb 24th, 2014
For the Howard County Conviction (4) years ADC
48 years ADC

6

*(Evidentiary Exhibit - 5.)*

#34.

IN THE CIRCUIT COURT OF HEMPSTEAD COUNTY, ARKANSAS

Michael Todd                                                    Petitioner
ADC # 093500

vs.        Case No. CR-2009- 33, CR- 2009- 34, CR- 2009-35,
           CR- 2009- 36, CR- 2009- 37, CR- 2009 - 38

Wendy Kelley, Director, ADC                                     Respondent
State of Arkansas

### PETITION FOR POST CONVICTION RELIEF PURSUANT TO RULE 37 A.R.Cr.P.

COMES NOW, the indigent, *pro se*, Petitioner Michael Todd ( herein Todd) and for the Petition for Post Conviction Relief Pursuant to Rule 37 A.R.Cr. P., in which, provides that a petition may be filed in the circuit court of conviction within sixty (60) days of the Arkansas Supreme Courts Mandate affirming his convictions and sentences. *Todd v. State* 2016 Ark. App. 270 (2016).

Here, the Arkansas Supreme Court entered a per curiam Order without written opinion denying a *pro se* petition for review on July 21, 2016, making his proposed Rule 37, A.R.Cr.P. due to be filed on September 19, 2016. Todd asserts, that he is in custody under an Amended Sentencing Order that is based on a revocation of a *suspended execution of sentence*. Todd claims the right to have the *suspended execution of sentence* modified on the ground that the amended sentencing order changes the original multiple concurrent sentencing rulings by the trial court to multiple consecutive sentencing orders were imposed in violation of the Constitution and laws of the U.S. and the State of Arkansas, due process, equal protection of law clauses and Supremacy Clause of the U.S. Constitution. Therefore, the Circuit Court waived its personal and Sentencing Jurisdiction .

1



On April 14, 2009 Todd signed a plea waiver form and a condition of suspended sentence order for case(s) 29 CR- 2009- 33-2; 29 CR- 2009- 34-2; 29 CR- 2009 - 35 - 2; CR - 2009 - 36- 2; CR - 2009 -37 - 2; CR- 2009 - 38 - 2. The trial court accepted a plea of guilty to nine (9) counts of Breaking or Entering a class C Felony and three (3) counts Theft Of Property, a Class D. felony, as a habitual offender. Here, the Condition of Suspended Sentence Order *expressly* states, in part:

" Now on this 14th day of April, 2009, . . . defendant having been convicted in the above stated action for the offense . . . and sentenced to 15 years in the Arkansas Department of Correction with 7 years suspended . . ."

The Judgment and Commitment order sentenced him to 96 months (8yrs) to the ADC with 84 months (7yrs) *suspended execution of sentence* ordered the multiple sentences to run concurrent, on May 28, 2009.

Todd was present at a revocation hearing based off of a petition for revocation on February 24, 2014, the court found him guilty of violating the conditions of his suspended execution of sentence and sentenced him to the remainder of the *multiple suspended execution of sentences* to run *consecutively*. See Amened Sentencing Orders.

Todd avers that the Revocation Court waived its subject matter "sentencing" jurisdiction in violation of his State and U.S. Constitutional Right to due process and equal protection of laws. Therefore, the sentence is voidable and should be modified running the *multiple suspended execution of sentences* concurrent rather then consecutive.

A.C.A. § 5-4-104 (a)(3)(A)(2009) provides that: " no defendant convicted of an offense *shall* be sentenced otherwise than in accordance with this chapter . .

2



. the court may sentence the defendant to a term of imprisonment and suspend imposition of sentence to an additional term of imprisonment."

A.C.A. § 5-4-301 (d)(2)(3)(2009), reads in part: " when the court suspends imposition of sentence on a defendant . . . the court shall enter a judgment of conviction only if the court sentences the defendant to: (2) a term of imprisonment and suspends imposition of sentence as to a additional term of imprisonment; (3) the entry of judgment of conviction shall not preclude the modification of the original order suspending the imposition of sentence on a defendant . . . following a revocation hearing held pursuant to . . . A.C.A. § 5-4-310 and modification set within the limits of [A.C.A. §] 5-4-303, 5-4-304, and 5-4-306. *See 1999 Arkansas Law Act 1569.*

A.C.A. § 5-4-307 (b)(c) (2009), read in part: "(b) multiple periods of suspension . . . whether imposed at the same or different times, *shall* run concurrently.  The period of suspension . . . *shall* also run concurrently with any . . . . State term of imprisonment or parole to which the defendant is or becomes subject during the period, (c) if the court sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment, the period of suspension commences to run when the defendant is lawfully set liberty from imprisonment."

Statutory Provision, A.C.A. § 5-4-309 (f) (2009) reads in part: "if the court revokes a suspension . . . it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty, provided that any sentence to . . . imprisonment imposed for the same offense *shall* not exceed the limits of . . . 5-4-401, or if applicable.

3

#37.

Todd clarifies that he was once put in jeopardy at original conviction and sentencing to concurrent sentencing upon *multiple suspended execution of sentences,* as prescribed by the sentencing laws in effect at the time he pled guilty and judgment of conviction in the above referenced cases May 28, 2009. Ark. Const. Art. 2 § 8; A.C.A. § 5-1-113.

Consequently, he cannot be twice put in jeopardy to conviction and sentencing for a former prosecution; in which the court changed sentencing, and amended the *original concurrent suspended execution sentencing to multiple consecutive suspended execution of sentences* upon revocation. Ark. Const. Art. 2 § 8, A.C.A. § 5-1-113; A.C.A. § 5-4-307, A.C.A. § 5-4-309(f).

Todd advances that the court violated both the double jeopardy clause and made a trial court ruling that violated Ex Post Facto Clauses of the Constitutions of the U.S. and Arkansas. Ark. Const. Art. 2 § 8; A.C.A. § 5-1-113; Ark. Const. Art. 2 § 17; U.S.C.A. 5, 14.

Todd emphasizes, that the Arkansas Legislature passed, enacted, and codified a statutory provision that enlarged the subject matter/ sentencing jurisdiction of the trial court and / or revocation court; in which, allowed this very court to make orders and rulings that violated his State and Federal Constitutional due process and equal protection of law Rights; as well as, violate the U.S. Constitution Supremacy Clause violating the Double Jeopardy Clause and make State common law rulings in violation of Ex Post Facto Laws.

Todd expresses that where a trial court imposes a sentence for a specific number of years and suspends a portion of it, the sentence has been imposed, and the suspended portion has been referred to as a *suspended execution of sentence. See Jones v. State*, 52 Ark. App. 179 (1996). The suspended portion of Todd's sentence commenced running when he was released from confinement,

4



and the trial court *did not* have the authority to require Todd to serve more then the remainder of his original sentence. *See Chadwell v. State*, 80 Ark. App. 133, 135-136 (2002).

Todd states that his situation is no different than Wolfe. *Wolfe v. State*, 266 Ark 811 (1979). Here, a *Wolfe* analysis of the facts, in comparison to the facts in Todd's case makes relevant a ruling on this basis as quoted: " the issue raised as to the power of the court to change a prior judgment [ruling] which ordered that all of the sentences [ suspended execution of sentence] would run concurrently we hold that the court was without jurisdiction to change that the prior judgment to require that the . . . suspended [execution of ] sentences should run consecutively rather than concurrently . . ." the original judgment imposed sentences and provided that all of the sentences would be concurrent, the court was without authority to change the previously imposed sentences from concurrent to consecutive." *See Williams, Standridge, and Deaton v. State*, 229 Ark. 42 (1958) ( once a valid concurrent sentence has been put into execution, the trial court is without the authority / jurisdiction to modify the sentence to make the sentences run consecutively).

Moreover, the *Wolfe* court also reasoned, " the circumstances here are unlike a situation in which the court withholds the imposition of sentence, the imposition of sentence is withheld and the court later revokes suspension of sentence.  A.S.A. § 41-1208 (6) [Repealed; recodified as A.C.A. § 5-4-309 (f) (2009) and repealed (2011);  recodified A.C.A. § 16-93-308 (G ) (1)(A)( 2011), empowers the court to impose only sentence that might have been imposed originally for the offense of which the defendant was found guilty.

However, A.S.A. § 41-801 (1) [ now codified as A.C.A. § 5-4-101 (6) (2009) ], defines the word "suspension" within the context of the aforementioned section as meaning to suspend, imposition of sentence."

The *Wolfe* court determined that the suspended sentences were ordered to run concurrently the sentences were pronounced and only the execution of a portion of the sentences were suspended. Under those circumstances A.S.A. § 41-1208 (6), A.C.A. § 5-4-309 (f) (2009), does not empower the court to change the prior sentences . . . as to make them run consecutively rather then concurrently, the concurrent sentences were imposed and the court was without jurisdiction to modify the sentences to make them run consecutive. *Id. Wolfe*.

In conclusion, Todd elects that the Arkansas State legislature has passed a statutory provision that unconstitutionally enlarges the jurisdiction of the court A. C.A. § 5-4-309(f) (2009) and thus in violation of the Supremacy Clause of the U. S. Constitution; for, the statutory provision conflicts with the plain language of A. C.A. § 5-4-307(b)(1)(2) and under Arkansas Sentencing Law and Arkansas rules of statutory construction Arkansas Courts must give effect to the specific statute over the general statute.

Thus the revocation courts amended sentencing orders are illegal to the extent that they changed, modified and/ or amended multiple concurrent sentencing to multiple consecutive sentencing. *See Searcy Farm Supply v. Merchants and Planters Bank*, 369 Ark. 487, 256 S.W. 3d 496 ( 2007), *See Walden v. State*, 2014 Ark. 193 (2014).

The court views an issue of a void or illegal sentence as an issue of subject matter jurisdiction, in that it cannot be waived *State v. Webb*, 373 Ark 65 (2008). A sentence is void or illegal when the circuit judge lacks the authority to impose it. *Cross v. State*, 2009, Ark 597 (2009). The trial court can hold that courts

6

sentence illegal, when it has nothing to do with guilt and correct the sentence in lieu of remanding. *Harness v. State* 352 Ark 335 (2003).

Additionally, Defense Counsel at the revocation hearing failed to conduct adequate pretrial investigations into the facts of the above referenced cases, subsequently failing to conduct adequate pretrial investigations of the State Statutes, case law, State Constitution and U.S. Constitution as referenced above. The failure of performing his pretrial duties caused Defense Counsel not to adequately object at the revocation hearing, contemporaneously basing the objections on the above references of the trial courts waiver of personal jurisdiction and subject jurisdiction, in violation of State procedural, statutory, constitutional and common law rulings, including the U.S. Constitution Due Process, Equal Protection, and Supremacy Clauses.

These failures prejudiced the defense at the revocation hearing; for, it prevented a trial court's ruling on each specifically raised issue as reference above; for Todd and the preservation of those issues for direct Appellate Review for the defendant/ Appellant.

Michael Todd, in accord, did not receive a fair revocation hearing because defense counsel denied effective assistance of pre-revocation, revocation, and direct appellant review of the issue's that should have been raised at that revocation hearings. Ark. Const. Art. 2 § 10; Art 2 § 8; Art. 2 § 29 and U.S. Const. 6, 14 Amendments.

Accordingly, the Amended Sentencing Order is illegal on it's face and Todd was denied the right to counsel and a fair hearing. *Strickland v. Washington, 466 U.S. 668 (1984).*

Michael Todd 93500
Michael Todd    9 -12 -16

7

#41

STATE OF ARKANSAS     )
                      )§
COUNTY OF LINCOLN     )

### AFFIDAVIT

    I, Michael Todd, after being duly sworn, do here swear, depose and state that: I have read the foregoing petition for post conviction relief and that the facts stated in the petition are true; correct, and complete to best my knowledge and, belief.

Michael Todd 93500

### NOTARY PUBLIC

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this 12th day of September, 2016.

My Commission Expires: 3/16/2025     Notary Public: Michael H Richardson

### MAILING VERIFICATION

    I, Michael Todd 93500, declare under penalty of perjury: that I am incarcerated in the Varner Unit and that I am filing this petition pro se; that the petition is being deposited in the facilities legal system on September 13 2016; that first class postage has been pre-paid; ad that the petition is being mailed to:

Circuit Clerk of Hempstead County

Gale Wolfenberger
Courthouse 400 S. Washington St. 71802-5045
P.O. Box, 1420
Hope, AR 71802-1420

8

MICHAEL H. RICHARDSON
NOTARY PUBLIC-STATE OF ARKANSAS
LINCOLN COUNTY
My Commission Expires 03-16-2025
Commission # 12695903

Duncan M. Culpepper
Circuit Judge
P.O. Box 605
Prescott, AR  71857-0605

Christi McQueen
P.O. Box 1216
Hope, AR  71802-12-16

## NOTARY PUBLIC

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this
12 day of September, 2016.

My Commission Expires: 3/16/2025          Notary Public: _____

> MICHAEL H. RICHARDSON
> NOTARY PUBLIC-STATE OF ARKANSAS
> LINCOLN COUNTY
> My Commission Expires 03-16-2025
> Commission # 12695903

9

*(Evidentiary Exhibit - #6.)*

## IN THE CIRCUIT COURT OF HEMPSTEAD COUNTY, ARKANSAS

| | |
|---|---|
| STATE OF ARKANSAS | PLAINTIFF |
| vs. | NO. CR-2009-33, 2009-34, 2009-35 2009-36, 2009-37, & 2009-38 |
| MICHAEL TODD | DEFENDANT |

### ORDER DENYING RULE 37 PETITION

NOW on this ___ day of October 2016, came on for consideration the Rule 37 Petition filed by the Defendant. The Court finds:

1. The Defendant's Petition was improperly filed, being what can essentially be considered as an attempt to appeal the decision of the Arkansas Appellate Court to the trial court and impermissible under Ark. R. Crim. P. 37.

2. The Defendant's Petition offers no evidence of prejudice or ineffective assistance of counsel when counsel made no objections to a constitutionally valid sentence imposed by this Court.

3. The Defendant has offered no question of fact that is unclear on the record, therefore no hearing is required.

IT IS THEREFORE, BY THIS COURT, CONSIDERED, ORDERED AND DECREED that Defendant's Amended and Original Petitions for Post-Conviction Relief Pursuant to Rule 37 are hereby denied and dismissed with prejudice.

_____
Circuit Judge

GAIL WOLFENBARGER
CIRCUIT CLERK
HEMPSTEAD COUNTY, AR

FILED
OCT 6 AM 9 33

#44 ...

**The Hempstead County Circuit Clerk is hereby ordered to forward a copy of the**

**foregoing Order to the Defendant.**

I, _Michelle Montgomery_ , Hempstead County Circuit Clerk / Deputy hereby

certify that I mailed a copy of the foregoing order to the Defendant on this _6_ day of

_October_ 2016.



_Michelle Montgomery_

Signature

(Suppliment "B.")

#45.

receive the amount of time remaining on your suspended sentence, which is five years or, approximately, five years. I don't know what the exact number of days are.

MR. HARRIS:

It's almost exactly five years. He was released from parole on 6-28-12, so on the 28th of June, it would be five years.

THE COURT:

So, there's a little over five years remaining, at this time. Do you understand that? You're shaking your head, "yes," but my Court Reporter --

MR. TODD:

Yes.

THE COURT:

Alright. And that would be on each felony count. Do you understand that?

MR. TODD:

Your Honor, can I state for the record that all these charges was ran concurrent in 2009, so it shouldn't be nothing doing no separate nothing, and it was signed by Randy Wright, the Judge, that, uh, nothing was supposed to exceed over 365 days. Now,

consecutively on each of these counts -- on each of the
felony counts.

MR. TODD:

    Um huh.

THE COURT:

    In CR-2009-75 --

MR. HARRIS:

    There are ten counts, there, Your Honor.

THE COURT:

    There are two felony counts remaining.  One, for
Breaking or Entering, and another one for Theft of
Property, which in that case, if they ran
consecutively, you could receive a total of ten years
on those.  In CR-2009-74-2, there are nine felony
counts --

MR. HARRIS:

    Should be ten, Your Honor.  Nine counts of
Fraudulent Use of a Credit Card and then Theft by
Receiving.

THE COURT:

There are ten counts.  You are correct.  And on each of
those the sentence could run consecutive.  Do you

#47.

understand what I am advising you, Mr. Todd?

MR. TODD:

    Yes, sir.

THE COURT:

    To the allegations in the Petition, how do you plead, true or not true?

MR. TODD:

    Not true.

THE COURT:

    We will proceed to hearing, at this time.

MR. HARRIS:

    Okay, Your Honor. I have three exhibits, total - two for the fact phase and one for the sentencing phase. I will now present to the Court what's been marked as State's Exhibit Number 1, which is a Certified Copy of the Howard County Conviction for Forgery from May of 2013. And then, State's Exhibit Number 2 is a Certified Conviction Copy of the Jury Trial that we had, here, in Hempstead County in February, and it's a conviction for Commercial Burglary, Forgery, Breaking or Entering, Theft of Property. And, also, prior to, the State resting on

Ab-5

#48.

the fact phase, I'd ask the Court to take judicial

notice of the Conditions of Suspended Sentence forms

that are located in each of the Court's files.

THE COURT:

    And I will take judicial notice of the Conditions

of Suspended Sentence, which are contained in the

files.  Any objections to these?

MR. BIDDLE:

    No, sir, Your Honor.

MR. HARRIS:

    Your Honor, with the introduction of the certified

--

THE COURT:

    State's Exhibit 1 and State's Exhibit 2 are

admitted.

MR. BIDDLE:

    Hold on, Judge.  You object to those?

MR. TODD:

    Yeah.

MR. BIDDLE:

    Okay, what's your objection?

MR. TODD:

#49.

Because, like I say, I was put on probation only one time.

MR. BIDDLE:

That's not what that is. Those are --

THE COURT:

These are the convictions in Howard County, this year, and the Jury Trial that was held.

MR. TODD:

Okay.

THE COURT:

That's what these are.

MR. BIDDLE:

This has nothing to do with what you were talking about.

THE COURT:

And they are admitted into evidence. (STATE'S EXHIBITS 1 AND 2 ARE ENTERED INTO EVIDENCE AT THIS TIME.)

MR. HARRIS:

Your Honor, with the introduction of the certified copies and the notice being taken of the conditions forms, the State Rests on the Revocation Petition.

Ab-7

#50.

that's passed.  So, that would be my response to that.

MR. BIDDLE:

I think Mr. Todd's argument, Judge, is that he should just have one Revocation and one sentence for all the suspended sentences that he had.  Is that right?

MR. TODD:

Yeah, 'cause I was given that on all of 'em at one time.

THE COURT: **(RULING)**

I am making a determination that the suspended sentences should be revoked, and I'm making a finding that the allegations are true.

MR. HARRIS:

As to the sentencing phase, I have an additional exhibit.  That's an old Howard County case that we didn't introduce at the trial that's just in his history.  That's all it is.

MR. BIDDLE:

Okay.

MR. HARRIS:

So, among all of his cases, he has one -- we should

Ab-10

have every conviction he's ever had in there.  So, I
just have State's Exhibit Number 3, which is a
Certified Copy of a 2004 Conviction.  As I was telling
Mr. Biddle, we introduced a number of Certified Copies
of Conviction when we had the Jury Trial and when we
tried the other Revocations, so the Court's aware of
the nature of the Defendant's criminal history, but
this is one we didn't introduce, and it's just so we
have a full record.  It's not independently actionable.
It just gives the Court more of an idea of the criminal
history.

THE COURT:

    State Exhibit 3, any objections?

MR. BIDDLE:

    Yes, Your Honor, we object to the fact that Mr. --
there's no proof of when Mr. Todd was released from the
Arkansas Department of Corrections.  All we have is
what's alleged in the Petition, and there's no other
documentary evidence that indicates --

THE COURT:

    Hold on, we're talking about two different things.
To the Certified Copy of the Conviction - prior

Ab-11

#52

conviction?

MR. BIDDLE:

No, I don't have any objection.

THE COURT:

It will be admitted into evidence. (STATE'S EXHIBIT 3 IS ENTERED INTO EVIDENCE AT THIS TIME.)

MR. HARRIS:

As far as the sentencing phase, I just want to remind the Court that Mr. Todd has been convicted of, at least, forty-four felonies in the past twenty-five, or so, years, and as far as my personal recollection, I think he's the most prolific criminal we've ever had in this Court. He has received some stiff sentences, already, from this Court, but there are appeals pending on those matters, and we're confident that we're gonna be successful, but sometimes you never know. You know, with some people, in sentencing, there's a lot of things that the Court can look at. You know, we have statutory guidance on what the Court should consider in sentencing, and one of those considerations is to protect the public by restraining offenders, and it's clear that Mr. Todd, not only, does he have no remorse

Ab-12

#53

for anything he's ever done; he doesn't plan on
changing anytime soon. I think, if he were a free man,
tomorrow, we'd have him in jail pretty soon on a new
offense. So, we're just asking the Court to keep
Michael Todd in prison as long as we can.

THE COURT:

    Mr. Biddle.

MR. BIDDLE:

    All of that that he said, Your Honor, still does
not address the fact that Mr. Todd -- does not address
when Mr. Todd was released from the Arkansas Department
of Correction. All we have is the statement in the
State's Petition, and that's it. It doesn't say -- I
mean, there's no documentary proof as to when Mr. Todd
was released from the Arkansas Department of
Corrections, which is what you need for a suspended
sentence.

MR. HARRIS:

    We've got a certified copy of a pen pack. I don't
think that we're required to prove when he was
released. We're only required to prove that he
violated the conditions of his probation -- of his

Ab-13

#54.

suspended sentence, and we've proven that.  It's just

whether the Petition is true, and we've proven that.

He was convicted of these other offenses while he was

still subject to the suspended sentence.  Now, as far

as sentencing is concerned, you know, our position is

that he shouldn't receive more than five years for each

count because according to the information that we

received from ADC, we know when he was released from

prison, but the Court can consider whatever it wants to

in making the sentence.

MR. BIDDLE:

    All you got, Judge, is what Mr. --

THE COURT: **(RULING)**

    I understand what both arguments are.

    Alright, my docket notation is as follows:

Revocation Petition has been explained.  Plea of not

true was entered.  Tried and found true.  Defendant has

forty-five prior felonies.  No evidence of when

released from the ADC.  I'm taking this matter under

advisement, right now, until 6-16-14, and same

notations on both cases.  Submit a brief or authorities

on your positions with regard to the necessity for

#55,

having the testimony or evidence regarding the release.

MR. BIDDLE:

Yes, sir.

THE COURT:

Try to get it to me by --

MR. HARRIS:

I think they need to serve us with something and we'll just respond to it, because I'm saying that there's -- my position is there's not one.  It's their objection; their burden.

MR. BIDDLE:

No, I think he's got the burden.

THE COURT:

Both submit by Friday.

MR. HARRIS:

Also, Your Honor, I think it was forty-four priors.

THE COURT:

Forty-four prior felonies?

MR. HARRIS:

That's what our records have.

THE COURT:

I was counting that last one is what I was doing.

Ab-15

#56

It's forty-four including the last one?

MR. HARRIS:

I believe so.

THE COURT:

I'm going to direct that Mr. Todd remain here until next week so that if Mr. Biddle needs to consult with him, he will be able to.

**ABSTRACT OF REVOCATION HEARING CONT'D**
**JUNE 16, 2014**

THE COURT:

You are back for sentencing, today, after a finding of true, and there has been a motion filed to re-open the case by the Prosecuting Attorney's Office.

MR. HARRIS:

That's correct, Your Honor. We filed a Motion to Present Supplemental Evidence. There was an issue that the defense had the other day with us not providing the Court with a copy of the pen pack that showed Michael Todd's release from ADC and that date, you know, being necessary for the Court to calculate the amount of time remaining on each count. The State still maintains that this proof would not be necessary, but we're happy to provide it just so the Court is advised of the exact

Ab-16

#57.

date.  And I have, here, State's Exhibit Number 1 --

THE COURT:

   Alright, before we get to that, I have read the
motion and the accompanying law with it.  Response to
the motion?

MR. BIDDLE:

   Yes, Your Honor, we still object to that.  The only
thing about it is that that case that was cited, the
Defendant in that case made a directed verdict in favor
of the Defendant for the whole revocation hearing, and
we did not do that.  And then he proceeded to put on
evidence.  We didn't do that, either.  So, that case is
substantially different from ours in that we just
objected to the sentencing because there was no exact
date in order which to calculate his time from his
release.

THE COURT:

   I am going to grant the motion to re-open for
supplemental proof.  We'll proceed, at this time, with
any additional proof.

MR. HARRIS:

   Okay, Your Honor, I've got a new updated pen pack.

Ab-17

#58.

It's State's Exhibit Number 4.  I've provided a copy to Mr. Biddle.  On Page 23 -- the page says, "4 of 22," but there's an entry that lists a movement of the inmate, being Michael Todd, of June 28, 2012, ADC release to supervision.  And that's the date that he was released on parole on these cases, and I'll provide this to the Court as State's Exhibit Number 4.

THE COURT:

Any objections?

MR. BIDDLE:

Your Honor, not to the certified copy, no.

MR. HARRIS:

This front page is the certification for the document that follows.         ,

THE COURT:

So, how much time does he have left on it?

MR. BIDDLE:

Actually, I think this should have an actual raised seal on it, Your Honor.  I have to object to it on that grounds.  It doesn't have a raised sea.

MR. HARRIS:

It doesn't have to have a raised seal, Your Honor.

Ab-18

#59.

It has to be a document under seal.  That is a document under seal, as well as, being acknowledged and certified by the person who maintains the records there.

THE COURT:

    This is a certified copy.  Your objection is overruled.  (STATE'S EXHIBIT 4 IS ENTERED INTO EVIDENCE AT THIS TIME.)

How much time's left?

MR. HARRIS:

    By our math, the date being June 16, 2014, he has just over five years left on each of the suspended sentences.

THE COURT:

    Alright, I'm gonna make this easy for me.

MR. HARRIS:

    There were --

THE COURT:

    I don't need anything else.

MR. HARRIS:

    Okay.

THE COURT:

Ab-19

#60.

In CR-2009-74-1, there are ten counts, all of which were Class C Felonies, and there are more than five years left on each count --

MR. HARRIS:

I just want to call your attention on 74, there's several misdemeanors on there which have expired.

THE COURT: **(RULING)**

I understand. Alright, in CR-2009-74, as I already stated, the Motion to Re-Open the Record for Supplemental Proof is granted. The Defendant was found to have violated the terms of his suspended sentence. I'm sentencing you to five years in the Arkansas Department of Correction on each of the ten counts. That's five years on each count and each count is to run consecutively to each other and consecutive to the prior felony convictions as I have previously ruled, including the one in Howard County and all of them in Hempstead County. In CR-09-75-2, the Motion to Re-Open the Record for Supplemental Proof is granted. The Defendant is found to have violated the terms and conditions of his suspended sentence. Counts 1 and 4, the Defendant is found to have violated the terms of

Ab-20

#61

his suspended sentence.  Five years in the Arkansas
Department of Correction on each of those counts.  Each
to run consecutive to each other and the counts to run
consecutive to each count in 2009-74-2 and consecutive
to all prior felony convictions in Howard and Hempstead
County.  The Court noting for the --

MR. HARRIS:

Can I ask for a clarification?  What is the Court's
opinion on the consecutive as to the prior revocation?

THE COURT:

I just ruled on it.  It's consecutive to all prior
revocations in Howard and Hempstead County.  Each one
of those was consecutive and these are consecutive to
that.  In addition to that, for the record, my
recollection is that there were some fifty plus prior
felony convictions?

MR. HARRIS:

Maybe not quite fifty, but it's close.  More than
forty.

THE COURT:

More than forty prior felony convictions, and that
is the reason that I am running these consecutive.  You

Ab-21

#63.

have thirty days within which to appeal my ruling from
the date of filing.