IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL TODD, ADC #093500           *
                                    *
            Plaintiff,              *
v.                                  *
                                    *   No. 5:17CV00145-JJV
WENDY KELLEY, Director              *
Arkansas Department of Correction,  *
                                    *
            Defendant.              *

**MEMORANDUM AND ORDER**

Petitioner, Michael Todd, an inmate in the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), brought this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2). But Respondent seeks dismissal of the Petition saying Mr. Todd has failed to first exhaust his available claims in state court. (Doc. No. 6.) After careful review of the Petition and Motion to Dismiss, for the following reasons, the Petition is dismissed *without prejudice*.

**I.      BACKGROUND**

According to the Petition, on June 26, 2014, and July 8, 2014, Mr. Todd appeared before the Hempstead County Circuit Court and pleaded guilty to breaking and entering, probation revocation, and multiple counts of theft of property. (*Id.* at 1). Mr. Todd was sentenced as a habitual offender and received a sentence of 120 years in the Arkansas Department of Correction. (*Id.*) He appealed the sentences the court imposed after revoking his suspended imposition of sentence in two of his criminal cases. The sentences were affirmed. *Todd v. State*, 2016 Ark. App. 204.[1]

---

[1] A more complete history of Mr. Todd's state proceedings is set out in *Todd v. State*, 2016 Ark. App. 204.

He sought post-conviction relief pursuant to Arkansas Rule of Criminal Procedure Rule 37 and the trial court dismissed his Petition. (Doc. No. 2 at 4.) He appealed that dismissal, but his brief on appeal was untimely. (Doc. No. 6 at 2.) Nevertheless, on June 21, 2017, the Arkansas Court of Appeals granted Mr. Todd's motion to file a belated brief and his appeal is now pending. *Todd v. State of Arkansas*, Court of Appeals Case No. CR-17-12.

Because his appeal is now pending, Respondent moves for dismissal of Mr. Todd's Petition. (Doc. No. 6.) Petitioner states:

> Todd's petition raises several assertions of ineffective assistance of counsel in point three of his petition as well as an allegation of ineffective assistance of direct appeal counsel in point four of his petition. These claims all are cognizable in a Rule 37 petition and on appeal from the denial of a Rule 37 petition. Some of Todd's ineffective assistance of counsel claims arguably were raised in the circuit court Rule 37 petition and may be included in the yet-to-be-filed brief on appeal. Todd's claims, therefore, may be unexhausted and his petition should, therefore, be dismissed.

(*Id*. at 2.)

## II. ANALYSIS

A state prisoner, prior to seeking federal habeas review, must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); See 28 U.S.C. §2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). This exhaustion requirement is in place to afford the state courts the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation")

(citations omitted).

Without question, Mr. Todd has failed to exhaust his available state remedies. So, at present, the instant Petition is not properly before this Court. The only question is whether his Petition should be dismissed without prejudice or stayed while the Arkansas Court of Appeals adjudicates his claims.

Courts are granted discretion to dismiss or stay an unexhausted Petition, but ". . . stay and abeyance should be available only in limited circumstances . . . and the district court would abuse its discretion if it were to grant [Mr. Todd] a stay when his unexhausted claims are plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). After review of the Petition, I find Mr. Todd's claims to be plainly meritless. So dismissal without prejudice is appropriate.

Mr. Todd's first two grounds are that he is being subjected to double jeopardy and his sentence is "void [and] illegal." (Doc. No. 2 at 5, 7.) He comes to these conclusions based on the circuit court sentencing him to consecutive terms of imprisonment when he was originally sentenced to concurrent terms. (*Id.*) The Arkansas Court of Appeals squarely addressed this issue and stated:

> Pursuant to the plain language of Ark. Code Ann. § 5-4-301(d)(2) and Ark. Code Ann. § 5-4-309(f)(1)(A), the circuit court was authorized at revocation to modify the original order and impose any sentence that originally could have been given Todd was originally placed on suspension on multiple counts, served concurrently by statute. The circuit court revoked the suspended sentences on all remaining counts, ordering sentences after revocation within the parameters authorized by statute for each of the felony convictions. *See* Ark. Code Ann. § 5-4-401. Furthermore, the trial court was permitted, based on Ark. Code Ann. § 5-4-403(a), to order that multiple sentences of imprisonment for multiple offenses be run consecutively, including those where suspension had been revoked. *See also Cheater v. State*, 2010 Ark. App. 652, at 3, 2010 WL 3902649 (rejecting Cheater's argument that the circuit court sentenced him to illegal consecutive sentences upon revocation because it had originally ordered concurrent sentences).

*Todd v. State*, 2016 Ark. App. 204 \*6.

3

From a common sense standpoint, I understand Mr. Todd's frustration at receiving a vastly different sentence upon being revoked. However, as the Arkansas Court of Appeals concluded, his claims are simply without any legal merit.

Mr. Todd's next two grounds claim he was subjected to ineffective assistance of counsel at sentencing and on appeal. (Doc. No. 6 at 8, 10.) I realize that the record has not been developed to fully review these claims. But Mr. Todd's claims are wholly conclusory and – on their face – meritless. Mr. Todd says ". . . trial counsel did practice 'mere sham [and pretense]' at the revocation hearing . . ." and through a lack of preparation, counsel failed to object and raise issues to preserve the record for appeal." (*Id.* at 8.) He claims appellate counsel ". . . was not constitutionally adequate to assist petitioner at that critical stage in safe-guard of 6th [and] 14th amend[ment] right [and] the Rule 37 Petition can be found manifestly ineffective." (*Id.* at 10.) Neither of Mr. Todd's claims appear to have merit. Accordingly, I find it appropriate to dismiss Mr. Todd's Petition – *without prejudice*.

I also note Respondent has called into question whether Mr. Todd has signed the pleadings in this matter as is required by Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts. (Doc. No. 6 at fn. 1.) Respondent says "Todd's habeas corpus petition has been prepared by an incarcerated writ writer well known to the Office of the Attorney General." (*Id.*) Mr. Todd's notarized signature (Doc. No. 2 at 46) is starkly different than the signature affixed to this Petition. (Doc. No. 2 at 45.)

If the Petition was signed by a person other than Mr. Todd, the Petition should be dismissed for lacking standing. Only a person determined to be the detainee's "next friend" may pursue a Petition for Writ of Habeas Corpus on behalf of another inmate. *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for

4

whose relief it is intended or by someone acting in his behalf"). The criteria for "next friend" standing in habeas proceedings has been established by the United States Supreme Court as follows:

> "[N]ext friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.... Second, the "next friend" must be truly dedicated to the best interest of the person on whose behalf he seeks to litigate ... and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.... The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

*Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990).

Without a Petition signed by Mr. Todd, this Court does not have jurisdiction to consider these claims. There has been no showing to establish "next friend" status and nothing in the record suggests Mr. Todd is unable to litigate this matter on his own behalf. *Id*. Nevertheless, with dismissal of his Petition, this question is now moot.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Mr. Todd's claims are clearly unexhausted and dismissal without prejudice is within the court's discretion. Therefore, no certificate of appealability should be issued.

### IV. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.   Mr. Todd's Petition for Writ of Habeas Corpus (Doc. No. 2) is DISMISSED

without prejudice, and the requested relief is DENIED; and

    2.    A certificate of appealability will not be issued.

DATED this 5th day of July, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE